David Mark Davis II
2010 U.S. Hwy. 190 W #101
Livingston, TX 77351
(936) 238-8507
dmarkdavis2@gmail.com



IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| **DAVID MARK DAVIS II,**<br><br>Plaintiff,<br><br>v.<br><br>**ANGELINA COLLEGE BOARD OF TRUSTEES, MICHAEL SIMON, STEVE HUDMAN AND MYRNIA BOYD,**<br><br>Defendants.<br><br>**All above named individual defendants are sued in both their individual and official capacities** | Case No.: 9:17cv179<br><br>**PLAINTIFF'S ORIGINAL COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, DEFAMATION, BREACH OF CONTRACT, AND TORTIOUS, INTERFERENCE WITH EXISTING CONTRACT**<br>**PLAINTIFF SEEKS: (1) MONETARY DAMAGES (2) TEMPORARY, PRELIMIARY & PERMANENT INJUNCTIVE RELIEF AND (3) DECLARATORY RELIEF**<br><br>**JURY TRIAL DEMANDED** |

TO THE HONORABLE JUDGE OF SAID COURT:

A. PRELIMINARY STATEMENT

1. Plaintiff files this action against the above named defendants for violation of Plaintiff's clearly established constitutional rights, retaliation against for complaining of disability

discrimination, defamation, breach of contract and torturous interference with existing contract.

2. Each individually named defendant is sued in both their official and individual capacities. At all times relevant, Defendants acted under color of state law. Plaintiff has exhausted all available administrative remedies and has attempted to informally resolve this controversy with the defendants but to no avail. Plaintiff requests a jury trial in this matter.

### B. JURY DEMAND

**3.** Plaintiff hereby requests a jury trial in this matter.

### C. PARTIES

4. Plaintiff, DAVID MARK DAVIS II, is an individual that is a citizen under the laws of the State of Texas.

5. Defendant, ANGELINA COLLEGE BOARD OF TRUSTEES, is a corporate body and a political subdivision of the State of Texas and a "person" subject to suit within the meaning of 42 U.S.C. Section 1983. It is vested with the supervision of the public junior college within Angelina County, including the treatment and discipline of students. Defendant, ANGELINA COLLEGE BOARD OF TRUSTEES may be served with process through Angelina College President, Dr. Michael Simon, located in the Angelina College Administration Building at 3500 S 1st St, Lufkin, TX 75904 or wherever he may be found.

6. Defendant, MICHAEL SIMON, is the President of Angelina College. He is sued for damages in his individual capacity and for damages, declaratory and injunctive relief in his official capacity and may be served with process at 500 S 1st St, Lufkin, TX 75904 or wherever he may be found

7. Defendant, STEVE HUDMAN, is the Dean of Students for Angelina College. He is sued for damages in his individual capacity and for damages, declaratory and injunctive relief in his official capacity and may be served with process at 500 S 1st St, Lufkin, TX 75904 or wherever he may be found.

8. Defendant, MYRNIA BOYD, is a Clerk in the Records Office for Angelina College. She is sued for damages in her individual capacity and for damages, declaratory and injunctive relief in her official capacity and may be served with process at 500 S 1st St, Lufkin, TX 75904 or wherever she may be found.

9. At all times relevant, Defendants acted under color of state law.

## D. JURISDICTION

10. This Court has jurisdiction over this action pursuant to Title 28 U.S.C. §§1331 and 1343(3) in that the controversy arises under the United States Constitution and under 42 U.S.C. §1983, 42 U.S.C. § 12203 and 28 CFR § 36.206. This Court has authority to award attorneys fees pursuant to 42 U.S.C. §1988. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. §1367(a) to hear and adjudicate state law claims. Each and all of the acts (or threats of acts) alleged herein were done by defendants, or their officers, agents, and employees, under color and pretense of the statutes, ordinances, regulations, customs and usages of Angelina College.

### Statement on Sovereign Immunity

11. Defendant Angelina College is a Community College thus is not entitled to sovereign immunity in federal court. See *Hander v. San Jacinto Junior College*, 519 F.2d 273, 278 (5th Cir. 1975)

## E. VENUE

12. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## F. CONDITIONS PRECEDENT

13. All conditions precedent have been performed or have occurred. Plaintiff has exhausted all available administrative remedies. Plaintiff further avers that he has made a good faith attempt to resolve this matter outside of the Court's however Defendant refuses to settle but instead further retaliates against Plaintiff for trying.

## G. FACTS

14. Plaintiff avers the following facts related to his claim:

15. Plaintiff initially attended College at Angelina College during the Spring 2002 semester. After that, Plaintiff attended off and on without issue until the Spring 2007 semester when then Angelina College President Larry Phillips involuntarily removed Plaintiff from EMS classes over his objections on the sole basis that Plaintiff is autistic and Mr. Phillips didn't feel an autistic student could succeed in an EMS

program. This removal was conducted even following Plaintiff providing the College an unconditional medical release and statement in support of enrollment from his mental health provider at the request of the EMS program director.

16. After being unlawfully discriminated against by Mr. Phillips, Plaintiff became very vocal as to misconduct at the College, including misconduct in the Records Office by the College Registrar.

17. In the Spring of 2008, Ms. Myrnia Boyd and former employee Ms. Brenda Ross made a complaint that Plaintiff student was stalking Ms. Boyd. She made several very factually contested allegations against Davis which Davis argues were motived by his complaining against her supervisor, the College Registrar. A true and correct copy of the referenced accusations by Ms. Boyd and Ms. Ross are attached hereto as Exhibit "1" and "2" respectively and are incorporated by reference.

18. Following Ms. Boyd's malicious complaints, Angelina College President Larry Phillips investigated the complaints but never initiated disciplinary action against Davis. Phillips instead removed Davis from classes without notice, hearing or appeal rights and had the Lufkin Police Department issue Davis a no trespassing warning. A true and correct copy of the referenced No Trespass Warning is attached hereto as Exhibit "3" and is incorporated by reference.

19. Dr. Phillips also issued an order that any future enrollment by Plaintiff would have to be online only. Dr. Phillips made this order and restriction outside the established College Disciplinary process. A true and correct copy of the referenced Order is attached hereto as Exhibit "4" and is incorporated by reference.

20. Plaintiff appealed this action to the Board of Trustees, but they took no action. A true and correct copy of the No Action letter (as documented by the then College President) is attached hereto as Exhibit "5" and is incorporated by reference.

21. Dr. Phillips never enforced his order and allowed Plaintiff to attend Angelina College again in 2010 and 2015 without restrictions.

22. Plaintiff took a break from Angelina College enrollment between 2015 and 2017 while he focused on obtaining a second bachelor degree, law degree and MBA using his military education benefits.

23. In July 2017, Plaintiff filed for disability accommodations for the following qualified disabilities for which he suffers: Post Traumatic Stress Disorder, Anxiety Disorder, Depressive Disorder, all of which are related to Plaintiff's Honorable military service in the United States Armed Forces and United States Intelligence Community. With his application, Plaintiff submitted 731-pages of medical documentation to support his request for disability accommodations.

24. On August 8, 2017, Dean Hunt emailed the Plaintiff demanding that Plaintiff provide more documentation than the volumes he already provided.

25. On August 8, 2017, Plaintiff, by email, complained to Dean Hunt about her overly burdensome request for more documentation. Dean Hunt responded by involving Defendant Dean Steve Hudman into the matter.

26. Dean Hudman immediately began harassing the Plaintiff by bringing up a baseless complaint that was made by an Angelina College staff member, Defendant Myrnia Boyd, approximately 10 years prior which was investigated and dismissed by the prior College administration without formal disciplinary action being taken.

27. In August 2017, Ms. Boyd recited her false accusations to several members of the college staff. Dean Hudman then republished those statements to several other members of the College staff.

28. On August 11, 2017 and as part of his pattern of harassing conduct, Dean Hudman issued a student summons via email demanding Plaintiff appear in his office on August 11, 2017 at 3:00PM, just a few short hours after the summons was issued. Being that Plaintiff is a busy adult that he is, Plaintiff advised Dean Hudman that he could not attend the last minute meeting by responding to his email by stating *"I will be out of town this afternoon"*. Dean Hudman responded by email stating: *"I received your email stating you would be out of town today. I am amicable to meeting during normally business hours Monday August 14, 2017 at a time that is convenient for you to accommodate your out of town trip…. Please contact my office so I may know when to expect you"*. Plaintiff took this communication as Dean Hudman canceling the meeting. He never issued another summons regarding the matter. Dean Hudman contends that his *request* of *"Please contact my office so I may know when to expect you"* was the same thing as issuing a new summons. Plaintiff took this statement as a voluntary request since if Dean Hudman really wanted to meet with Plaintiff (and later write him up for no showing), then he would have given Plaintiff a specific time and place to appear – Dean Hudman did not do this. A true and correct copy of the referenced August 11, 2017 Student Summons is attached hereto as Exhibit "6" and is incorporated by reference. A true and correct copy of the referenced email communications chain is attached hereto as Exhibit "7" and is incorporated by reference.

29. On August 18, 2017, Dean Hudman proceeded to impose a disciplinary action on Plaintiff without providing Plaintiff with any notice, hearing or other meaningful opportunity to respond to Hudman's accusations. Hudman alleged that Plaintiff was being disciplined for failure to show up for the above referenced hearing and that as a result Davis was not allowed to take campus based classes. Davis initiated a grievance citing the blatant violation of the disciplinary due process requirements spelled out in Angelina College Policy and as constitutionally required by Dixon v. Alabama State

5

Board of Education, 294 F. 2d 150 (5th Cir. 1961). While Hudman subsequently reset Davis' disciplinary action for hearing on August 30, 2017, he refused to remove the restrictions that he unconstitutionally imposed as part of the August 18, 2017 ex parte disciplinary action while the new disciplinary action was pending. Plaintiff argues that this baseless disciplinary action and the denial of rights under <u>Dixon</u> and College Policy were motivated by Davis' previous complaints to Angelina College regarding illegal harassment for Davis standing up for himself in the disability accommodations process. A true and correct copy of the referenced disciplinary action is attached hereto as Exhibit "8" and is incorporated by reference. A true and correct copy of the referenced Angelina College disciplinary procedure is attached hereto as Exhibit "9" and is incorporated by reference.

30. On August 25, 2017, Dean Hudman again initiated a disciplinary action against Davis for failure to show up at the August 11, 2017 meeting that he canceled. This time Hudman did provide Davis with notice and a hearing. Dean Hudman set the hearing for August 30, 2017. In said notice, Dean Hudman nowhere mentioned that Davis failed to show up on Monday, August 14, 2017, but only cited the August 11, 2017 summons for the meeting Dean Hudman canceled. At the hearing, Dean Hudman nevertheless proceeded to admit evidence and ultimately convict Davis of failing to show up at the alleged August 14, 2017 hearing (which there is no evidence that a time and date were ever set) despite not mentioning this alleged hearing anywhere in the notice of charges. Plaintiff argues that this baseless disciplinary action and intentional failure to provide constitutionally adequate notice was motivated by Davis' previous complaints to Angelina College regarding illegal harassment for Davis standing up for himself in the disability accommodations process. A true and correct copy of the referenced insufficient notice is attached hereto as Exhibit "10" and is incorporated by reference. A true and correct copy of the referenced August 25, 2017 conviction in the disciplinary action is attached hereto as Exhibit "11" and is incorporated by reference.

31. On September 5, 2017, Plaintiff met with Dean Hudman regarding Plaintiff's status as a student. During this meeting, Dean Hudman informed Plaintiff that in August 2017, Angelina College Records Office Clerk Myrnia Boyd had again made claims that Plaintiff stalked her back in 2008 and she again confirmed to Dean Hudman all of the accusations that she had made a decade prior. Dean Hudman informed Davis that while making no new accusations, Ms. Boyd nevertheless claimed that she still feared for her life with Davis on campus. During said meeting, Davis again disputed Ms. Boyd's claims and even pointed out that she never called the police to report any of her alleged fears. Davis further pointed out that he was never subjected to disciplinary action as a result of the accusations. Following the meeting, Dean Hudman sent Davis a letter stating that Davis would be allowed to attend class on campus, but would be subject to restrictions not imposed on other students based on Ms. Boyd's accusations.

A true and correct copy of the referenced September 5, 2017 restriction letter is attached hereto as Exhibit "12" and is incorporated by reference.

32. By various follow up emails Davis sent in response, Davis not only objected to Hudman's purposed restrictions as a matter of public policy, but he also challenged Hudman's legal authority to issue them in the first place in this instance. Davis cited the fact that no disciplinary action was ever taken against Davis regarding the stalking claims and the fact that the Constitution and Angelina College Policy didn't allow this type restrictions to be imposed outside of the established disciplinary policy. Angelina College later responded on October 10, 2017 that two sections of policy allowed Hudman's actions. First it cited the College Disciplinary Process (FLB), however, it is very noteworthy that Davis was never provided the procedural requirements of this process (notice, hearing, appeal) for this to be applicable. Second, the College cited College Policy DIA – *Employee Freedom from Discrimination, Harassment, and Retaliation*, but this provision doesn't apply to students, and even if it did, the College is not alleging that Davis engaged in protected discrimination (nor does the policy allow the restrictions if they were). As such, Davis contends that neither of the cited authorities provided Dean Hudman with the necessary legal justification to place disciplinary restrictions on Davis outside the disciplinary process (as he is attempting to do). A true and correct copy of the referenced email response chain is attached hereto as Exhibit "13" and is incorporated by reference. A true and correct copy of the referenced College Policy FLB and DIA are attached hereto as Exhibits "14" and "15" respectively, and are incorporated by reference

33. On September 7, 2017 in response to Ms. Boyd's malicious and false accusations, Davis filed a grievance pursuant the Angelina College grievance policy with Ms. Boyd alleging that she was making false statements in violation of the Texas Defamation Mitigation Act and that she was denying Davis due process by using her position under color of state law to keep Davis from enjoying the full benefits of attending Angelina College that all other students are providing. A true and correct copy of the referenced grievances and their respective attachments are attached hereto as Exhibit "16" and "17" and are incorporated by reference.

34. On September 12, 2017, Dean Hudman unilaterally dismissed the above referenced grievances directed to Ms. Boyd without adequate justification. My grievances were made in good faith and accordance with state law and College grievance policy, yet Dean Hudman refused to recognize them. A true and correct copy of the referenced September 5, 2017 restriction letter is attached hereto as Exhibit "18" and is incorporated by reference.

35. On September 12, 2017, Dean Hudman initiated a disciplinary hearing for Plaintiff based on accusations that Davis violated an order not to file a grievance with Ms. Myrnia Boyd. The subject matter of the disciplinary action was the two grievances

referenced immediately above. At the hearing, Davis argued that he had a constitutional right to file the grievances with Ms. Boyd, Dean Hudman's alleged order was unconstitutional as it violated due process, Dean Hudman's alleged order was ultra vires and beyond his authority to issue in this instance and that Dean Hudman's order was pre-empted by the Texas Defamation Mitigation Act, which requires a Plaintiff to first contact the defendant directly to retract a defamatory statement prior to imitating suit against a defendant for defamation. Hudman rejected all of Davis' arguments and found him guilty of violating the alleged order not to file a grievance with Ms. Boyd. A true and correct copy of the referenced finding of guilt is attached hereto as Exhibit "19" and is incorporated by reference.

36. Davis almost immediately appealed the above finding of guilt and punishment to the College's Student Conduct Panel and College President Michael Simon based on the same defenses but ultimately found Davis guilty and ultimately expelled him.

37. On September 10, 2017, Dean Hudman called Davis from an unmarked telephone number and told Davis that he needed to stand down with his complaints and Hudman stated to Davis that "I will beat your ass" if Davis didn't stand down. This threat coupled with all the harassing and baseless disciplinary actions and Hudman's prior violent conduct toward Davis at a meeting on September 5, 2017 which Davis attended caused Davis to feel unsafe around Hudman or at any place on campus.

38. Davis has repeated contended that Hudman's above refenced conduct amounts to the criminal and tort offenses of stalking.

39. Davis has complained to law enforcement on multiple occasions regarding Dean Hudman's stalking behaviors.

40. Davis was unable to personally attend most of the hearings in this matter based on his reasonable fear of Dean Hudman and the College's unwillingness to act on his repeated complaints that Dean Hudman was stalking Davis. Davis asked at each stage of the proceeding if the College would accommodate Davis and allow him to appear by phone but these request were refused.

41. At each stage of the disciplinary process, I requested that Ms. Boyd be able to attend to testify on my behalf. At each stage of the hearing I was denied this right citing the 100-ft and no contact order.

42. On September 22, 2017, the Student Conduct Panel found Davis guilty of no-showing the canceled August 11, 2017 meeting and for filing a grievance in violation of Dean Hudman's alleged order. The Panel rejected each of the defenses Davis made at both the initial hearing stage and before them. The Panel assessed Davis' punishment at expulsion. A true and correct copy of the referenced finding of guilt and punishment is attached hereto as Exhibit "20" and is incorporated by reference.

43. On October 11, 2017, College President Michael Simon affirmed the Student Conduct Panel's finding of guilt on both charges and affirmed the punishment the Panel issued. Mr. Simon rejected Davis' defenses in detail in his order. Further, Mr. Simon threated to seek "sanctions" if Davis filed this lawsuit which he calls baseless (Davis wholly disagrees with this opinion). A true and correct copy of the referenced order is attached hereto as Exhibit "21" and is incorporated by reference.

44. All events occurred in Angelina County, Texas.

45. At all times relevant, Defendants were acting under color of state law.

46. Angelina College is a recipient of federal funding.

47. All named Defendants retaliated against Plaintiff for complaining of unlawful disability discrimination by denying him his constitutional rights to freedom of speech, right to petition and due process and affording him the benefit of the student disciplinary process.

48. Angelina College's policy or custom enabled its agents and employees to act with deliberate indifference to plaintiff's clearly established civil rights.

49. Davis has exhausted all available administrative remedies to correct this injustice.

## H. CLAIMS

### COUNT 1 – 42 U.S.C. §1983: FOURTEENTH AMENDMENT DUE PROCESS CLAIM AGAINST MICHAEL SIMON AND STEVE HUDMAN IN INDIVIDUAL CAPACITY

50. Plaintiff avers the following facts and contention in support of this claim:

51. Plaintiff realleges and incorporates the factual allegations, along with exhibits, outlined in Section "G" of this petition

52. Defendants Simon and Hudman imposed the following disciplinary restrictions on Plaintiff's enrollment without first, or ever, affording Plaintiff his clearly established right to notice, hearing, meaningful opportunity to respond, and appeal:

    a) Plaintiff will not go in the Administration Building on the Angelina College campus; and

    b) Plaintiff will refrain from contacting or coming with 100 feet of Myrnia Boyd.

53. Defendants had no justifiable reason to place the above referenced disciplinary enrollment restrictions on Plaintiff without first providing him with the benefit of the Angelina College student disciplinary process.

54. Defendants restrictions resulted in injury to Plaintiff through the denial of Plaintiff's fundamental constitutional rights to Freedom of Speech, Right to Petition and Right to Due Process.

55. Defendant's decision to restrict plaintiff violated plaintiff's clearly established constitutional rights and was not objectively reasonable in light of the circumstances. *See Durham, 737 F.3d at 303-04.*

56. Defendants actions were imposed contrary to clearly established federal and state law and Angelina College policy.

57. Defendants Simon and Hudman acted willfully, deliberately, maliciously, or with reckless disregard for Plaintiff's right to due process as protected under the Fourteenth Amendment. *See Smith v. Wade, 461 U.S. 30, 45-48 (1983); Powell v. Alexander, 391 F.3d 1, 19 (1st Cir. 2004).*

58. In committing the acts and omissions described herein, Simon and Hudman, have acted in bad faith, with gross misjudgment and deliberate indifference to Plaintiff's civil rights.

## COUNT 2 – 42 U.S.C. §1983: *MONELL* LIABILITY AGAINST ANGELINA COLLEGE

59. Plaintiff avers the following facts and contention in support of this claim:

60. Plaintiff realleges and incorporates the factual allegations, along with exhibits, outlined in Section "G" of this petition

61. Angelina College's policy or custom enabled its agents and employees to act with deliberate indifference to plaintiff's right to due process. *See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978); Langford v. City of Atl. City, 235 F.3d 845, 847-48 (3d Cir. 2000).*

## COUNT – 42 U.S.C. §1983: FOURTEENTH AMENDMENT DUE PROCESS CLAIM AGAINST STEVE HUDMAN IN INDIVIDUAL CAPACITY

62. Plaintiff avers the following facts and contention in support of this claim:

63. Plaintiff realleges and incorporates the factual allegations, along with exhibits, outlined in Section "G" of this petition

64. Defendant Hudman imposed the following disciplinary restrictions on Plaintiff's

enrollment without first, or ever, affording Plaintiff his clearly established right to notice, hearing, meaningful opportunity to respond, and appeal:

    a) Plaintiff will be restricted to taking on-line only courses at Angelina College.

65. Defendant had no justifiable reason to place the above referenced disciplinary enrollment restrictions on Plaintiff without first providing him with the benefit of the Angelina College student disciplinary process.

66. Defendant restrictions resulted in injury to Plaintiff through the denial of Plaintiff's fundamental constitutional right to due process.

67. Defendant's decision to restrict plaintiff violated plaintiff's clearly established constitutional rights and was not objectively reasonable in light of the circumstances. *See Durham, 737 F.3d at 303-04.*

68. Defendant's actions were imposed contrary to clearly established federal and state law and Angelina College policy.

69. Defendant acted willfully, deliberately, maliciously, or with reckless disregard for Plaintiff's right to due process as protected under the Fourteenth Amendment. *See Smith v. Wade, 461 U.S. 30, 45-48 (1983); Powell v. Alexander, 391 F.3d 1, 19 (1st Cir. 2004).*

70. In committing the acts and omissions described herein, Hudman, have acted in bad faith, with gross misjudgment and deliberate indifference to Plaintiff's civil rights.

## COUNT 4 – 42 U.S.C. §1983: *MONELL* LIABILITY AGAINST ANGELINA COLLEGE

71. Plaintiff avers the following facts and contention in support of this claim:

72. Plaintiff realleges and incorporates the factual allegations, along with exhibits, outlined in Section "G" of this petition

73. The Angelina College's policy or custom enabled its agents and employees to act with deliberate indifference to plaintiff's right to due process. *See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978); Langford v. City of Atl. City, 235 F.3d 845, 847-48 (3d Cir. 2000).*

## COUNT 5 – 42 U.S.C. §1983: FIRST AMENDMENT RETALIATION CLAIM AGAINST MICHAEL SIMON AND STEVE HUDMAN IN INDIVIDUAL CAPACITY

74. Plaintiff avers the following facts and contention in support of this claim:

75. Plaintiff realleges and incorporates the factual allegations, along with exhibits, outlined in

11

Section "G" of this petition

76. At the time of plaintiff's protected speech, plaintiff was acting as a private citizen speaking as to a matter of public concern. *See Garcetti v. Ceballos, 547 U.S. 410, 418 (2006); Connick v. Myers, 461 U.S. 138, 147-49 (1983); Durham v. Jones, 737 F.3d 291, 299-300 (4th Cir. 2013); Looney v. Black, 702 F.3d 701, 710 (2d Cir. 2012).*

77. Plaintiff's interest in *his actions* outweighs any interest of Angelina College in promoting the efficient operation and administration of government services. *See Pickering v. Bd. of Educ. of Twp. High Sch. Dist. 205, 391 U.S. 563, 568 (1968); Handy-Clay v. City of Memphis, 695 F.3d 531, 544 (6th Cir. 2012).*

78. The adverse action taken against plaintiff would deter a person of ordinary firmness from continuing to engage in the protected speech. *See Handy-Clay, 695 F.3d at 545.*

79. Plaintiff's protected speech was a substantial and motivating factor in Defendants decision to expel Plaintiff from Angelina College.

80. Defendant's decision to expel Plaintiff violated Plaintiff's clearly established constitutional rights and was not objectively reasonable in light of the circumstances. *See Durham, 737 F.3d at 303-04.*

81. Defendants Simon and Hudman acted willfully, deliberately, maliciously, or with reckless disregard for plaintiff's right to free speech protected under the First Amendment. *See Smith v. Wade, 461 U.S. 30, 45-48 (1983); Powell v. Alexander, 391 F.3d 1, 19 (1st Cir. 2004).*

82. In committing the acts and omissions described herein, Simon and Hudman, have acted in bad faith, with gross misjudgment and deliberate indifference to Plaintiff's civil rights.

## COUNT 6 – 42 U.S.C. §1983: *MONELL* LIABILITY AGAINST ANGELINA COLLEGE

83. Plaintiff avers the following facts and contention in support of this claim:

84. Plaintiff realleges and incorporates the factual allegations, along with exhibits, outlined in Section "G" of this petition

85. The Angelina College's policy or custom enabled its agents and employees to act with deliberate indifference to plaintiff's right to free speech. *See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978); Langford v. City of Atl. City, 235 F.3d 845, 847-48 (3d Cir. 2000).*

## COUNT 7 – 42 U.S.C. §1983: FIRST AMENDMENT RIGHT TO PETITION CLAIM AGAINST MICHAEL SIMON AND STEVE HUDMAN IN INDIVIDUAL CAPACITY

12
DAVIS V. ANGELINA COLLEGE, ET AL.                    PLAINTIFF'S ORIGINAL COMPLAINT

86. Plaintiff avers the following facts and contention in support of this claim:

87. Plaintiff realleges and incorporates the factual allegations, along with exhibits, outlined in Section "G" of this petition

88. At the time of plaintiff's protected petition for redress of grievance, plaintiff was acting as a private citizen who was exercising his right to petition Angelina College, and its agents, both local government entities, for the redress of grievances. *United States v. Cruikshank*, 92 U.S. 542 (1876);

89. Plaintiff's interest in *his actions* outweighs any interest of Angelina College in promoting the efficient operation and administration of government services. *See Pickering v. Bd. of Educ. of Twp. High Sch. Dist. 205, 391 U.S. 563, 568 (1968); Handy-Clay v. City of Memphis, 695 F.3d 531, 544 (6th Cir. 2012).*

90. Defendants had no justifiable reason to ban Plaintiff from filing grievances with College personnel pursuant the College grievance policy.

91. The adverse action taken against plaintiff would deter a person of ordinary firmness from continuing to engage in the protected speech. *See Handy-Clay, 695 F.3d at 545.*

92. Plaintiff's protected grievance was a substantial and motivating factor in Defendant's decision to expel Plaintiff from Angelina College.

93. Defendant's decision to expel plaintiff violated plaintiff's clearly established constitutional rights and was not objectively reasonable in light of the circumstances. *See Durham, 737 F.3d at 303-04.*

94. Defendants Simon and Hudman acted willfully, deliberately, maliciously, or with reckless disregard for Plaintiff's right to petition as protected under the First Amendment. *See Smith v. Wade, 461 U.S. 30, 45-48 (1983); Powell v. Alexander, 391 F.3d 1, 19 (1st Cir. 2004).*

95. In committing the acts and omissions described herein, Simon and Hudman, have acted in bad faith, with gross misjudgment and deliberate indifference to Plaintiff's civil rights.

**COUNT 8 – 42 U.S.C. §1983: *MONELL* LIABILITY AGAINST ANGELINA COLLEGE**

96. Plaintiff avers the following facts and contention in support of this claim:

97. Plaintiff realleges and incorporates the factual allegations, along with exhibits, outlined in Section "G" of this petition

98. The Agelina College's policy or custom enabled its agents and employees to act with deliberate indifference to plaintiff's right to petition the government for redress of

grievances. *See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978); Langford v. City of Atl. City, 235 F.3d 845, 847-48 (3d Cir. 2000).*

## COUNT 9 – SECTION 504 OF THE REHABILITATION ACT OF 1973 – RETALIATION CLAIM AGAINST ANGELINA COLLEGE BOARD OF TRUSTEES, MICHAEL SIMON AND STEVE HUDMAN

99. Plaintiff avers the following facts and contention in support of this claim:

100. Plaintiff realleges and incorporates the factual allegations, along with exhibits, outlined in Section "G" of this petition

101. Plaintiff engaged in a protected activity, to wit: complaining of perceived disability discrimination.

102. Defendant retaliated against Plaintiff by denying him his clearly established rights to due process, freedom of speech and right to petition which ultimately led to Plaintiff's expulsion based on baseless disciplinary charges

103. Defendant's retaliatory action was sufficient to deter a person of ordinary firmness from exercising his or her rights

104. That there was a causal connection between the protected activity and the retaliation

105. Defendant is the recipient of federal funding.

## COUNT 10 – DEFAMATION CLAIM AGAINST BOYD AND HUDMAN

106. Defendants Boyd and Hudman published a statement by *oral communication in August 2017* asserting as fact that Plaintiff had followed Defendant Boyd home from work, that Plaintiff stalked Defendant Boyd by repeatedly showing up at her work, and that Plaintiff was admitted to a psychiatric hospital because Defendant's Boyd and Hudman claim Plaintiff assaulted my brother.

107. Defendants Boyd and Hudman's statements involved a matter of private concern.

108. Defendants Boyd and Hudman's statement referred to Plaintiff by name.

109. Defendants oral statement was defamatory per se under common law. Defendant's statement (A) injured plaintiff in plaintiff's educational capacity by having him removed from college classes.

110. Defendants Boyd and Hudman's statement was false because it never happened.

111. Defendants Boyd and Hudman's are strictly liable to Plaintiff for the defamation.

112. Defendants Boyd and Hudman's were negligent in determining whether the statement was true.

113. Defendants Boyd and Hudman's false statement directly and proximately caused injury to Plaintiff, which resulted in the following general damages: being removed from College classes which Plaintiff paid for.

114. Defendants Boyd and Hudman's false statement was defamatory per se, which entitles Plaintiff to a presumption of general damages.

115. Defendant Boyd and Hudman's false statement directly and proximately caused injury to Plaintiff, which resulted in the following special damages: emotional distress.

116. <u>Exemplary damages.</u> Plaintiff's injury resulted from Defendants Boyd and Hudman's malice, which entitles plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a)(2).

## COUNT 11 – BREACH OF CONTRACT AGAINST ANGELINA COLLEGE BOARD OF TRUSTEES

117. In August 2017, Plaintiff and Defendant Angelina College Board of Trustees (hereafter cited in this Court as Defendant) executed a valid and enforceable written contract which would allow Plaintiff to attend college classes at Angelina College during the Fall 2017

118. Plaintiff *fully performed* Plaintiff's contractual obligations by paying the Angelina College tuition and following all lawful directives.

119. Defendant breached the contract by removing Plaintiff from the classes he contracted to attend without just cause.

120. Defendant's breach caused injury to plaintiff, which resulted in the following damages: loss of earning potential, loss of tuition paid, emotional distress.

121. Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

## COUNT 12 – BREACH OF CONTRACT AGAINST ANGELINA COLLEGE BOARD OF TRUSTEES

122. In August 2017, Plaintiff and Defendant Angelina College Board of Trustees (hereafter cited in this Court as Defendant) executed a valid and enforceable written contract which would allow Plaintiff to attend college classes at Angelina College during the Fall 2017. As part of this contract, Defendant agreed that Plaintiff would be provided a specific disciplinary process if disciplinary issues arise.

123. Plaintiff *fully performed* Plaintiff's contractual obligations by paying the Angelina College tuition and following all lawful directives.

124. Defendant breached the contract by removing Plaintiff from the classes he contracted to attend without following the College Policy that it contractually agreed to follow.

125. Defendant's breach caused injury to plaintiff, which resulted in the following damages: loss of earning potential, loss of tuition paid, emotional distress.

126. Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

## COUNT 13 – TORTIOUS INTERFERENCE WITH EXISTING CONTRACT AGAINST BOYD, HUDMAN AND SIMON

127. Plaintiff had a valid contract with Angelina College for the enrollment in level classes at Angelina College during the Fall 2017 semester

128. Defendants Boyd, Hudman and Simon (hereafter referred in this Court as Defendants) or had reason to know of Plaintiff's contract with Angelina College and plaintiff's interest in the contract since they were employees of Angelina College and were each fully aware of Plaintiff's enrollment.

129. Defendant willfully and intentionally interfered with plaintiff's contract with Angelina College by making, publishing and republishing false accusations which each of the Defendants knew were false. As for Hudman and Simon, they maliciously prosecuted disciplinary actions that they knew were unwarranted by the facts and law.

130. Defendants interference proximately caused injury to plaintiff, which resulted in the following actual damage or loss: Plaintiff was removed from his classes

131. <u>Exemplary damages.</u> Plaintiff's injury resulted from defendant's malice or actual fraud, which entitles plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

## I. REQUEST FOR PRELIMINARY INJUNCTION

132. Plaintiff will likely suffer irreparable injury if defendant is not *restrained from expelling Plaintiff and allowing him to attend College without restriction* while this suit is pending

16

as the acts complained of deprive Plaintiff of his constitutional rights. See *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *Celsis In Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012); *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1210-12 (10th Cir. 2009);

133. . There is no adequate remedy at law because you cant put a price on a Plaintiff's constitutional rights. See *N. Cal. Power Agency v. Grace Geothermal Corp.*, 469 U.S. 1306, 1306 (1984); *Rosario-Urdaz v. Rivera-Hernandez*, 350 F.3d 219, 222 (1st Cir. 2003); *Winston v. Gen. Drivers, Warehousemen & Helpers Local Union No. 89*, 879 F. Supp. 719, 725 (W.D. Ky. 1995

134. There is a substantial likelihood that plaintiff will prevail on the merits because as the United States Constitution clearly prohibits punishing Plaintiff for filing a grievance, restricting Plaintiff's right to file a grievance without due process and the restricting Plaintiff's freedom of speech. See *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931-32 (1975); *Planned Parenthood Ass'n of Utah v. Herbert*, 828 F.3d 1245, 1252 (10th Cir. 2016); *Sindicato Puertorriqueño de Trabajadores v. Fortuño*, 699 F.3d 1, 10-11 (1st Cir. 2012);

135. The harm faced by plaintiff outweighs the harm that would be sustained by defendant if the preliminary injunction were granted. { See *Yakus v. United States*, 321 U.S. 414, 440 (1944); *Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 297 (5th Cir. 2012); *Coca-Cola Co. v. Purdy*, 382 F.3d 774, 789 (8th Cir. 2004)

136. Issuance of a preliminary injunction would not adversely affect the public interest. See *Opulent Life Church*, 697 F.3d at 298; *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1138-39 (9th Cir. 2011); *Abbott Labs. v. Sandoz, Inc.*, 544 F.3d 1341, 1362-63 (Fed. Cir. 2008

137. Plaintiff is willing to *post a bond in the amount the Court deems appropriate.* See *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 425-26 (3d Cir. 2010); *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 379 (5th Cir. 2008)

138. Plaintiff asks the Court to set his application for preliminary injunction for hearing at the earliest possible time and, after hearing the request, to issue a preliminary injunction against defendant.

## J. REQUEST FOR PERMANENT INJUNCTION

139. Plaintiff asks the Court to set his application for injunctive relief for a full trial on the issues in this application and, after the trial, to issue a permanent injunction against defendant.

## K. DAMAGES

140. As a direct and proximate result of defendants actions, plaintiff suffered the following injuries and damages.

   a. Loss of earning capacity.
   b. Damage to reputation in the past and future.
   c. Mental anguish in the past and future.
   d. Loss of money paid on enrollment contract

## L. ATTORNEY FEES & COSTS

141. Plaintiff is entitled to an award of attorney fees, if any, and costs under 42 U.S.C. §1988(b).

## M. PRAYER

142. For these reasons, plaintiff asks for judgment against defendant for the following:

a. Actual damages of $100,000.00.
b. Punitive damages of $$100,000.00.d.
c. Prejudgment and postjudgment interest.
d. Costs of suit.
e. Temporary Restraining Order barring Plaintiff's expulsion and enforcement of restrictions on Plaintiff's continued enrollment
f. Preliminary Injunction barring Plaintiff's expulsion and enforcement of restrictions on Plaintiff's continued enrollment
g. Permanent Injunction barring Plaintiff's expulsion and enforcement of restrictions on Plaintiff's continued enrollment
h. All other relief the Court deems appropriate.

Respectfully Submitted,

David Mark Davis II
Plaintiff, Pro Se
2010 US Hwy 190 W #101
Livingston, Texas 77351
(936) 238-8507
dmarkdavis2@gmail.com