

# Angelina College

P.O. Box 1768, Lufkin, Texas 75902-1768  •  936/639-1301  •  Fax 936/639-4299  •  www.angelina.edu

EXHIBIT 19

September 12, 2017

David Mark Davis II
11 Glenview Ct
Lufkin, TX 75901

From: Steve Hudman, Dean of Student Affairs

Dear Mr. Davis:

This letter is to inform you that a preponderance of evidence has been established supporting the charge of failing to comply with a directive of a College official. The specific violation of Angelina College Student Conduct and Disciplinary policy is below:

> Prohibited Behavior 20
> Official Directive - Failure to comply with the lawful directives of all College officials acting within the scope of their responsibilities is prohibited (Policy and Procedures, pg. 322).

On September 5, 2017, I sent you a letter summarizing your current enrollment status at Angelina College. I also placed temporary restrictions based on continued fear, of your presence, from members of the Registrar's office staff. The temporary restrictions stated; "1) you will not go in the Administration Building on the Angelina College campus; and 2) you will refrain from contacting or come within 100 feet of Myrnia Boyd. The letter also stated, "If you need any services provided in the Administration Building (Registrar, Business Services, attend board meeting), you will need to contact me and I will assist you in accessing all such services without limitations on the services." The letter further stated, "Any violations of the above temporary restrictions will be treated as a violation of the Code of Student Conduct."

A disciplinary investigation was conducted into your violation of the restrictions from the September 5, 2017 letter in accordance with College policy. Evidence was discovered to support College policy violation, and a disciplinary hearing was scheduled for September 12, 2017, 2:30 p.m. Specific evidence includes emails dated September 7, and September 8, 2017 where you directly contacted Myrnia Boyd.

During the September 12 disciplinary hearing, you began by stating, "We can continue when my witnesses arrived for the hearing", referring to Ms. Boyd and Dr. Simon. I explained to you that Myrnia Boyd would not be attending the meeting due to the temporary restriction of you coming within 100 feet of her, as stated in the September 5 letter, and her continued fear of being in your presence. I then stated since Dr. Simon was your witness that it was your responsibility to contact him to request his presence and give a statement. You responded by saying "I don't need Mike Simon." You then stated, "I guess we can begin."

Continuing the September 12 disciplinary hearing, you acknowledged receipt of the September 5, 2017 letter outlining the temporary restrictions of noncontact with Myrnia Boyd. You then admitted to

*Angelina College....A Great Place To Start*

contacting Myrnia Boyd on September 7, at 2:23 p.m. by direct email and again on September 8, at 2:32 p.m.

These emails are a violation of Angelina College policy, specifically, prohibited behavior 20 listed above and the temporary restrictions in my letter to you dated September 5, 2017.

Based on the information during the investigation and disciplinary hearing I am implementing Disciplinary Probation through May 2019 as your penalty for the misconduct. These actions are cumulative and are considered official college actions that are recorded in the Office of the Dean of Student Affairs in accordance with College policy.

You may appeal the findings and/or the assigned discipline to the College Student Conduct Panel. To appeal the findings and/or decision of the investigation or disciplinary hearing you must do so in writing within 5 business days of receiving this letter.

If you do not wish to appeal the findings and/or decision, the College will consider this matter closed and no further action will be required from you. You will be allowed to continue attending class according to your current course schedule.

The temporary restrictions stated in the September 5, 2017 letter remain in effect.

Sincerely,

Steve Hudman
Dean of Student Affairs
(936) 633 5293
shudman@angelina.edu

# Angelina College

P.O. Box 1768, Lufkin, Texas 75902-1768 • 936/639-1301 • Fax 936/639-4299 • www.

EXHIBIT 20

David Mark Davis II
11 Glenview Ct.
Lufkin, TX 75901

From: The Student Conduct Panel of Angelina College

Dear Mr. Davis:

This letter is to inform you that, according to FLB Local Policies and Procedures of Angelina College, under Student Rights and Responsibilities, we, the Student Conduct Panel, find that a preponderance of evidence supports the two charges of failing to comply with a directive of a college official. This preponderance of evidence was established during a Student Conduct Panel hearing, you chose not to attend, on September 20, 2017. Those charges are listed out below:

On August 11, 2017 at 9:33 a.m., an official student summons of the Office of the Dean of Student Affairs was issued to you, via email. You decline the official student summons via email on August 11, 2017 at 10:09 a.m. in which you state, "I will not be coming to partake in your sick game", in reference to Dean Hudman summoning your presence. Not showing up for an official student summons is a direct violation of Angelina College Student Conduct and Disciplinary policy. (See FLB, AC Student Policy and Procedures Manual, #20)

On September 5, 2017 at 5:44 pm, you were issued an official letter from the Office of the Dean of Student Affairs, placing the following temporary restrictions on you; 1) you will not go in the Administration Building on the Angelina College campus; and 2) you will refrain from contacting or coming with 100 feet of Myrnia Boyd. It was clearly stated that if you needed any services provided by the Administration Building, including but not limited to, the Registrar, Business Services, or attending a board meeting, you were to contact Dean Hudman directly for assistance in accessing all of these services, without a limitation on the services. On September 5, 2017 at 6:02 pm, you responded with "I hope you understand where I am coming from and why I will be agreeing to your restrictions as a condition of enrollment". At this time, you agreed to the directive of a college official.

On September 7, 2017 at 2:23 p.m., you failed to comply with a directive of a college official by contacting Myrnia Boyd directly via email. This email contact directly violated the temporary restrictions of which you agreed to and violates the college student code of conduct. On September 8, 2017 at 2:32 p.m., you failed to comply with a directive of a college official by contacting Myrnia Boyd, once again, directly via email. This email contact directly violated the temporary restrictions of which you agreed to and violates the college student code of conduct.

As a result of your continued policy violation and no evidence of acknowledgement, by you, of responsibility for these violations, the Student Conduct Panel, assigns the appropriate disciplinary action of **expulsion**, which is the permanent removal from Angelina College with no opportunity for readmission, and expulsion will become a part of your permanent academic record. This decision is

*Angelina College . . . A Great Place To Start*

based from the evidence brought forth for both appeals of the Prohibited Behavior 20 of the Policies and Procedures of Angelina College, pg. 322.

According to FLB Local Policies and Procedures of Angelina College, a student or complainant may appeal the Student Conduct Panel's findings or discipline assignment in writing to the Angelina College President within five (5) business days of receiving documentation from the Student Conduct Panel. The grounds for appeal are as follows:

- A procedural error occurred that significantly impacted the outcome of the hearing (e.g. substantiated bias, failure to document findings, material deviation from established procedures, etc.);
- New evidence unavailable during the original hearing or investigation that could substantially impact the original finding or discipline assignment is found. A summary of this new evidence must be included in the written appeal;
- The discipline assigned is materially disproportionate to the severity of the violation.

The President will review the charges, the written findings of the Case Official and the Discipline Panel, and the written appeal from you and decide the merits of the appeal. At his sole discretion, the President may meet with you during his deliberation of the appeal. Pursuant to authority delegated to the President by the Angelina College Board of Trustees, the decision of the President is final.

Sincerely,

*Alexandria Ranc*

Alexandria Ranc
Chairperson of Student Conduct Panel
(936) 633-3211
aranc@angelina.edu

*Angelina College . . . . A Great Place To Start*

  Gmail

**Mark Davis <dmarkdavis2@gmail.com>**

## Statement for 09/20/2017 Disciplinary Panel Hearing
1 message

**Mark Davis** <dmarkdavis2@gmail.com>    Tue, Sep 19, 2017 at 10:33 PM
To: Alexandria Ranc <aranc@angelina.edu>, jlacaille@angelina.edu, fdrago@angelina.edu, dsmithhart@angelina.edu
Cc: Michael Simon <msimon@angelina.edu>, Steve Hudman <shudman@angelina.edu>, Wayne Haglund <whaglund@haglundlaw.com>, Sandra Cox <scox@angelina.edu>

Dear Disciplinary Panel:

First, I object to not being able to participate in my hearing. I have been very vocal with the fact that Dean Hudman is stalking me. He has gotten very violent with me and even threatened me. Then there is all the baseless disciplinary actions he has initiated against me. I am a victim of stalking and I should not have to choose between exercising my constitutional right to participate in this hearing vs. personal safety. I truly hope that none of you are ever stalking victims and have to face the hostility that you showed me. Mike Simon previously promised that Campus PD would be at my last hearing but Chief respects him about as much as Hudman does and he just didn't show up. That is why I would not appear even with the 'promise' of PD presence. You only have one life to live. I will challenge this point in Court if we make it that far.

Thank you for agreeing to at least accept my written statement.

**Count 1 – Failure to Show for a Summons**

Dean Hudman complains that I failed to show for a summons that he issued.

On Aug 11, 2017 at 9:33 AM, Dean Hudman issued one of his infamous last minute summons for me to appear in his office his office just a few hours later at 3PM on August 11, 2017

On Aug 11, 2017 at 9:37 AM I responded "I will be out of town this afternoon"

On Aug 11, 2017 at 10:09 AM, Dean Hudman responded:

*"Mr. Davis,*

*I received your email stating you would be out of town today. I am amicable to meeting during normally business hours Monday August 14, 2017 at a time that is convenient for you to accommodate your out of town trip.*

*Please contact my office so I may know when to expect you."*

Based on his statement acknowledging that I will be out of town I reasonably concluded that he quashed the summons.

Dean Hudman never reissued another summons prior to initiating this disciplinary action.

According to the notice of charges, I was written up for failure to show for a summons and NOT for failure to contact Dean Hudman as he requested. A summons does not automatically carry forward into the future. In fact, a summons is mechanism to command someone to appear at a specific place at a specific time. The only summons that was issued was for August 11, 2017 at 3pm and based on his email response, he canceled this meeting. There wasn't a summons issued after that to command me to appear at a new hearing. Dean Hudman's argument that my failure to contact him regarding a meeting on the following Monday is the same thing as failure to show for a summons has no merit.

## Count Two – <u>Disciplinary Action for Filing a Grievance.</u>

I am not the College's lawyer so I won't give you legal advice here. I will say that an order that says one cant file a grievance against someone in government is unenforceable. The Petition Clauses of the United States and Texas Constitutions, as well as the College's own policy FLD 2.03 (see attached), provide that I cant be punished for filing a grievance against a government official. The United States Supreme Court has recognized this right as a fundamental right. This grievance was appropriately filed within College Policy.

Also, the Texas Defamation Mitigation Act provides that I may contact someone who is defaming me and demand correction in the form of clarification or retraction. Ms. Boyd was grieved because she has said some very hateful things about me that simply arent true. While Ms. Boyd again recently published the defaming statements, they have been around for a long time, almost 10 years. Larry Phillips was aware of Ms. Boyd's ridiculous claims and apparently, he didn't believe her back then because he never initiated any disciplinary action against me based on her stalking claims. Ms. Boyd is a woman who apparently needs psychiatric help for her chronic paranoia. Punishing me by telling me I cant file a grievance to clear my name is not only illegal, but it doesn't help the situation.

Thanks in advance for dismissing this baseless prosecution that is only pursued by Hudman as a means of stalking me.

**Mark Davis, JD**
Phone: 936-238-8507
Fax: (936) 309-0060
Email: dmarkdavis2@gmail.com

📎 FLD Policy.pdf
128K

**Angelina College**

P.O. Box 1768, Lufkin, Texas 75902-1768  •  936/639-1301  •  Fax 936/639-4299  •  www.angelina.edu

EXHIBIT 21

October 11, 2017

Mr. David Davis II
2010 US 190 W PMB#101
Livingston, TX 77351

*Via Email:* 466ddavis@student.angelina.edu
*Certified Mail R/R/R*

Dear Mr. Davis:

I have concluded my review and investigation of the appeal and the two complaints you filed on September 22, 2017. You appealed the Student Conduct Panel's findings and assigned discipline regarding charges that you failed to comply with the lawful directives of a College official acting within the scope of his responsibilities. You filed a level one complaint alleging I failed to protect you from Mr. Steve Hudman, Dean of Student Affairs. Lastly, you filed a discrimination complaint alleging Ms. Sellestine Hunt, Associate Dean of Students, engaged in disability discrimination by not providing notice of accommodations to your instructors. It is noteworthy that you have filed at least six (6) earlier complaints (Aug 20, Aug 21, Aug 26, Sept 7, Sept 8, and Sept 11) that all related to the matters addressed by the two complaints and appeal filed on September 22. In accordance with *College Policy FLD (local) Section 2.11*, I hereby consolidate all of your complaints relating to matters addressed in the two complaints and the appeal you filed on September 22 that have not already been resolved, and I have address all of those matters in this review.

On September 26, I sent you a letter scheduling a conference with you for October 3 to discuss the appeal and complaints you filed on September 22. On September 26, you declined to meet with me because you wrote, "the record speaks for itself." Then, on October 2, you requested permission to participate in the conference telephonically, which I had previously informed you in writing was not acceptable. Additionally, you indicated in an email message to me on October 6 that you intended to attend the Angelina College Board of Trustees meeting on October 9, 2017. The meeting agenda provided time for public comment, which you could have used to provide additional information to the College, but you failed to attend the meeting. Therefore, my review, investigation, and decisions regarding the appeal and complaints proceeded without a conference as you had originally requested.

My review in all three matters included the following:
- email messages and letters related to these matters;
- the documentation record upon which Dean Hudman and the Student Discipline Panel relied when considering the charges of misconduct;
- the written findings of Steve Hudman, Dean of Student Affairs and the written findings of the Student Discipline Panel;
- your written appeal to me;
- a conference with Dean Hudman;
- a conference with Alexandria Ranc, Chair of the Student Conduct Panel, and Jordan LaCaille, member of the Student Conduct Panel;
- the report prepared by Mr. Tim Ditoro, Dean of Community Services, summarizing the College's investigation into various discrimination and retaliation complaints that you have filed related to all three matters;
- documents contained in your student file; and

*Angelina College . . . A Great Place To Start*

Page 1 of 9

- a conference with Ms. Myrnia Boyd, College employee, and Ms. Boyd's written statement submitted on September 7, 2017.

Additionally, given your repeated claims alleging illegal behavior by Mr. Hudman and others and your threats of legal action against the College and various College employees, I requested that Mr. Wayne Haglund, College counsel, contact the Lufkin Police Department to discover if that department had initiated any investigation into your claims, and Mr. Haglund communicated the response from the department to me.

## Appeal of Student Conduct Panel Findings and Assigned Discipline

On September 22, you sent an email message to me appealing the findings of "guilt and punishment" by the Student Conduct Panel. In the email message, you wrote the following:

> I appeal for the following reasons: (1) A procedural error occurred that significantly impacted the outcome of the hearing (2) New evidence unavailable during the original hearing or investigation substantially impacts the original finding or discipline assignment found. Namely, the panel clearly relied on a typo that they should have caught. (3) The discipline assigned is materially disproportionate to the severity of the violation as alleged and (4) constitutional violations.

**Procedural Error**
You did not identify a specific procedural error nor provide information about an alleged procedural error that would have significantly impacted the outcome of the Student Conduct Board's handling of your appeal. However, you have asserted in multiple writings that Mr. Hudman "quashed" his summons of you for a meeting. Angelina College *Policy FLB (local)* includes failure to comply with the lawful directives of all College officials acting within the scope of their responsibilities as prohibited behavior. Please note that *FLB (local)* does not require a directive from a college official to be formal or written; additionally, the policy does not require the college official to follow a specific procedure when directing a student.

The record shows that Mr. Hudman was exceedingly accommodating in his attempts to meet with you. The email record includes the following messages:
- Mr. Hudman requesting a meeting with you on August 9 (Aug 9, 8:49 a.m.);
- You stating you are unable to meet on August 9 (Aug 9, 10:32 a.m.)
- Mr. Hudman requesting you identify when you were able to meet at your earliest convenience (Aug 9, 10:35 a.m.);
- You declining Mr. Hudman's request to meet "on this issue" (Aug 9, 7:49 p.m.);
- Mr. Hudman clarifying the intent of the requested meeting was to discuss concerns arising from material in your student file, and requesting that you identify a meeting date that would be convenient for you (Aug 10, 8:16 a.m.); and
- You writing in part, "I decline your invitation for a meeting. This issue was addressed years ago and is very much moot." (Aug 10, 8:31 a.m.).

Following this email exchange, Dean Hudman sent you summons in writing on August 11 at 9:33 a.m. to meet with him that afternoon at 3 p.m. You responded via email on August 11 at 9:37 a.m. that you would be out of town, and via email at 9:38 a.m. stating the following:

> Also, can you please state the nature of why I am being summoned for a disciplinary action. [*sic*] I am entitled to this information at the time of summons. Your baseless summons constitutes the tort of abuse of process. Based on your stalking type behaviors I don't feel comfortable being

around you. I feel that you are a predator. The issues you claim you want to discuss were dismissed a decade ago. I will not be coming to partake in your sick game.

In response to your 9:37 a.m. message, Dean Hudman sent you an email message directing you to meet with him during normal business hours on Monday, August 14, 2017, at a time that was convenient for you. At no point in the exchange did Mr. Hudman withdraw his summons or cancel a meeting with you. In his responses to you, Dean Hudman was both accommodating and courteous, which was evidenced by his scheduling flexibility. Dean Ditoro's investigation found no credible evidence that Mr. Hudman ever exhibited stalking, predatory, or "sick" behavior in his interactions with you. Moreover, the Lufkin Police Department indicated that it has not initiated an investigation into your allegations of illegal behavior.

At this point in the exchange, Mr. Hudman had given no indication that the proposed meeting was disciplinary in nature. He wrote that the intent of the meeting was to have a face-to-face introduction to you and to "discuss the challenges that you experience [sic] during your previous time on campus" (Aug 10, 8:16 a.m. email). You may perceive the concerns expressed by Ms. Boyd about her safety as "moot." And, you may characterize her as an "irrational nut job," which is a term you used to describe Ms. Boyd during a meeting with Mr. Sullivan and Dean Hudman. However, because your documented behavior caused her to reasonably fear for her safety, the College took steps to address her complaint promptly and thoroughly, which included Dean Hudman meeting with you. It is noteworthy that Dean Ditoro's investigation of similar complaints by you addressed those complaints with promptness and thoroughness, and that the employees against whom you made allegations fully cooperated with his investigation.

In the list of prohibited behaviors listed in the Student Conduct and Discipline Program (*College Policy FLB (local)*), Item 20 states, "Failure to comply with the lawful directives of all College officials acting within the scope of their responsibilities is prohibited." The elements of Item 20 include (a) was the person delivering a directive a College official, (b) would a reasonable student know the person delivering a directive was a College official, (c) was the College official acting within the scope of his/her responsibilities, and (d) was the directive lawful.

My findings related to this element of your appeal are as follows:
   a) Mr. Hudman, as the Angelina College Dean of Student Affairs, is a College official;
   b) Each of Dean Hudman's email messages included his title identifying him as a College official, and a reasonable student would either know he was a College official based on that information or would confirm his status as a College official via the College's website given that all interactions in this matter were through the internet;
   c) Meeting with students in general and meeting to discuss concerns about challenges experienced by students is within the scope of Dean Hudman's responsibilities; and
   d) It was lawful for Dean Hudman to compel a student to meet with him regarding information in the student's record.

**New Evidence**
In your appeal, you wrote, "the panel clearly relied on a typo that they should have caught," which you indicated was new evidence in this matter. In two different email messages to me on September 22 at 7:21 p.m. and 7:39 p.m., you also wrote the following:

Sept 22 at 7:21 p.m.:
   I would also note that the record alleges that I said the following regarding Dean Hudman's illegal restrictions: *"I hope you understand where I am coming from and why I will be agreeing to your restrictions as a condition of enrollment"* [emphasis in original]. This was obviously a typo on my part. Had they been objective, Ms. Ranc and the Panel should have noticed this was a typo if they had actually read the paragraph immediately prior to that and every other correspondence that I

have sent the College. This statement just didn't jive with the fact pattern nor with the grievances filed afterwards.

September 22 at 7:39 p.m.
>From the remainder of the conversation, they should have realized that I was intending to say "*I hope you understand where I am coming from and why I will NOT be agreeing to your restrictions as a condition of enrollment. Ms. Boyd is an irrational individual. I won't have my rights trampled on because of another persons* [sic] *apparent mental illness*" or something very similar [emphasis in original].

The record establishes Ms. Ranc, as chair of the Student Conduct Panel, sent you multiple email messages about the Panel's meeting to address your appeal (Sept 11, 10:56 a.m.; Sept 13, 3:20 p.m.; Sept 18, 11:01 a.m., 1:38 p.m., 2:58 p.m., and 4:15 p.m. emails). Ms. Ranc informed you that the Angelina College Chief of Police would attend the meeting of the Panel (Sept 18, 11:01 a.m. and 4:15 p.m. emails). Moreover, Ms. Ranc encouraged you to attend the meeting by writing, "We, the Student Conduct Panel, feel that it's in your best interest to show up in person for your hearing....If you don't appear in person, the panel will render a decision in your absence" (Sept 18, 1:38 p.m. email). If you had attended the meeting, you could have informed the Panel that you had made a mistake in your email message.

The Student Conduct Panel's meeting minutes dated September 20, 2017, indicated the Panel considered the written statement that you now claim included your mistake of omitting the word "not" along with considering other substantial evidence. The meeting minutes also established that the Panel found a preponderance of evidence supported that you failed to comply with lawful directives by a College official multiple times, and that the Panel had "serious and sincere concern for the safety...of the campus population as a whole." During my conference with Ms. Ranc and Ms. LaCaille, they indicated the email statement in question did not materially affect the Panel's determination of the preponderance of evidence in this matter.

My findings related to this element of your appeal are as follows:
- The College has a responsibility to take reasonable care to maintain a safe work environment;
- You were notified in a letter from Dean Hudman dated September 5, 2017, that he was taking interim (i.e., temporary) action to restrict you from entering the Administration building and from contacting Ms. Boyd (see: *College Regulation DIA - Employee Freedom from Discrimination, Harassment, and Retaliation § 3.08.4*), and that any violation of the restrictions would be treated as a violation of the Code of Student Conduct;
- In formulating the restrictions, Dean Hudman ensured that you continued to have access to the campus except for the Administration building, to attend courses and related activities, to participate in co-curricular and extra-curricular activities, and to access all College services with those normally delivered in the Administration building being delivered through the Dean's office;
- Whether you agreed with the restrictions was immaterial in this matter because they were lawful and compliant with College policy;
- You may have made a mistake in the email message or you may have since changed your mind about agreeing to the conditions, nevertheless you refused to attend meetings wherein you could have corrected your mistake; and
- Notwithstanding the fact that you were directed not to have contact with Ms. Boyd, you contacted Ms. Boyd on September 7 and September 8, which violated a lawful directive by a College official acting within the scope of his responsibility.

**Assigned Discipline**
In your appeal, you wrote, "The discipline assigned is materially disproportionate to the severity of the violation as alleged." The Student Conduct Panel's meeting minutes dated September 21, 2017, noted that (a) you exhibited the same prohibited behavior (*FLB (local) Item 20*) multiple times, and (b) the Panel members were concerned about the safety of Ms. Boyd and of the campus population as a whole based upon your prior documented conduct and your refusal to follow directives from college administrators.

Regarding safety concerns, in 2008 the College received a complaint from Ms. Boyd expressing concerns about her safety on campus because of your troubling, stalking, intimidating, and/or threatening behavior toward her. Additionally, records available to the College document multiple incidents of harassment, threatening, and stalking behavior on your part involving several current and past employees of the College, as well as an abusive, threatening, curse-laden tirade during a telephone call to Dr. Phillips' office. Your behavior resulted in you having received one or more trespass warnings from the Lufkin Police Department and being banned from campus by Dr. Phillips.

As a result of your behavior, Dr. Phillips, the President of Angelina College at that time, sent you a letter dated January 16, 2009, in which he listed the following relevant conditions for you to enroll in Angelina College courses:
- abide by all policies, regulations, rules, and directives of Angelina College;
- refrain from threatening, harassing, intimidating, or otherwise interfering with or disrupting any office, staff, or student;
- contact designated college officials in advance of any need to come onto campus; and
- abide by the criminal trespass order banning you from coming onto any campus or facility of the college.

Clearly, the College found Ms. Boyd's allegations in 2009 to be credible and took substantial measures to ensure her safety by limiting your access to campus and admonishing you to refrain from threatening, harassing, intimidating, or disruptive interactions with college employees and students.

Nothing in your student record indicates any change in the 2009 conditions, and nothing in your student record indicates the issues were dismissed. When Associate Dean Hunt consulted with Dean Hudman regarding your potential 2017 fall semester enrollment, Dean Hudman conducted a routine review of your student record, consulted with Ms. Boyd to determine if she continued to feel fearful about interacting with you, and subsequently requested a meeting with you. Ms. Boyd submitted a written statement to the College on September 7, 2017, stating in part the following:

> Still to this day I never go home the same route and I am forever checking my rearview mirror, hoping he [Davis] is not following me. Being stalked is a very scary experience and I hope that Angelina College understands, my life does matter and take my concern seriously because I live in fear all the time.

My findings related to this element of your appeal are as follows:
- You refused to comply with reasonable and lawful directives on multiple occasions despite repeated directives to stop doing so;
- In 2008, you behaved in a manner that caused Ms. Boyd to have reasonable concerns for her safety, and at that time the College established significant restrictions on your attendance in response to your behavior;
- Given repeated instances of prohibited behavior by you, specifically your past behavior that caused Ms. Boyd to fear for her safety and your multiple present-day contacts with Ms. Boyd despite having been directed not to contact her, the Panel members' concerns about safety were reasonable;

- Angelina College is committed to creating and maintaining a safe working and learning environment; and
- Based upon my professional judgment, the decision of the Student Conduct Panel to expel you was proportionate to the severity of the alleged violations and your behavior in this matter.

**Constitutional Violations**

You described the alleged Constitutional violations in an email message to Dean Hudman on September 8 at 12:18 p.m. in which you wrote the following:

> The United States and Texas Constitutions give me the clear right to petition Ms. Boyd for redress of my grievances. Your order restriction [sic] my constitutional right to speech is also presumptively unconstitutional under the Doctrine of Prior Constraint. Texas law, specifically the Texas *Defamation Mitigation Act* gives me the right to send Ms. Boyd a letter demanding that she retract her false defamatory statements that she is making about me.
>
> Furthermore, the Board hasn't granted you the authority to impose the restrictions you imposed against me in your September 5, 2017 letter. In Texas, junior college officials are limited in authority to what their Board of Trustee's [sic] gives them.

My findings related to this element of your appeal are as follows:

- The United States and Texas Constitutions provide the right to petition the government for redress of grievances, and at no point did the College restrict you from petitioning the government for redress of grievances;
- College policy provides you with a process for filing complaints against College employees;
- In his September 5 letter to you, Dean Hudman established a procedure whereby you should have submitted any complaint alleging misconduct by Ms. Boyd to Dean Hudman;
- If you were not certain how to submit a complaint against Ms. Boyd while remaining compliant with the restrictions in the September 5 letter, the letter included direction to contact Dean Hudman for clarification of any questions you might have about the restrictions, and you failed to do so;
- The College never restricted your right to speak; however, nearly every time the College afforded you an opportunity to speak on these matters, you failed to attend the meeting and/or wrote that the record spoke for itself;
- The College did not attempt to censor your written communications prior to submission, nor did the College indicate that you would be disciplined for the content of any communication prior to its actual expression;
- You could have sent any communication intended for Ms. Boyd relating to the Texas *Defamation Mitigation Act* to Dean Hudman, and he would have been obliged to provide any such notice to Ms. Boyd; and
- Dean Hudman's restrictions and conditions, including the placement of a hold on your student account about which you filed a complaint on Aug 21, were administered under authority granted by the Angelina College Board of Trustees in *College Policy FLB (local)*, and/or authority delegated to him by me in *College Policy DIA (regulation)*.

In summary, my review of the record (a) does not find that you ever denied the truthfulness of the underlying charges, and (b) does not find any credible evidence or grounds to reverse the decisions of Dean Hudman or of the Student Conduct Panel in this matter. Therefore, the penalty of expulsion is confirmed.

David Davis Student Conduct & Discipline Appeal

### Level One Complaint

You filed a level one complaint alleging I failed to protect you from Mr. Steve Hudman, Angelina College Dean of Student Affairs. I scheduled a meeting with you for October 3, 2017, at 1 p.m. to discuss your complaint. You failed to attend that meeting. In your written complaint, you wrote the following:

> Mr. Simon has allowed Dean Hudman to: (1) stalk me, (2) threaten violence against me, (3) become violent in my presence, (4) repeatedly violate my fundamental constitutional rights, (4) initiate wholly baseless disciplinary actions against me, (5) encourage college staff to repeatedly commit criminal offences where I am the victim, (6) deny me the right to benefit from the college grievance policy, and (7) cause me to feel unsafe on campus to the point I feel my life is endanger [*sic*].

**Stalking**
A reasonable person would not regard email messages from a college's dean of students requesting or directing a student to meet with the dean for a legitimate purpose such as discussing information in the student's file to be threatening or to be legitimate basis for feeling harassed, annoyed, alarmed, abused, tormented, embarrassed, or offended as defined in the *Texas Penal Code Section 42.072*.

**Threatening Violence and Violence**
In *18 U.S. Code § 16*, the term "crime of violence" means (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. There is no evidence in the record to support your claim that Dean Hudman threatened violence against you or to support your claim that Dean Hudman has ever become violent in your presence. During my investigation of this complaint, I interviewed Mr. Chris Sullivan, who was present during all telephone conversations and in-person meetings between you and Dean Hudman. Mr. Sullivan reported that Dean Hudman never threatened violence, never acted violently or inappropriately, and remained professional at all times.

**Violation of Constitutional**
The findings of my investigation into alleged violations of Constitutional rights by Dean Hudman are provided above in the subsection of this letter entitled "Constitutional Violations."

**Baseless Disciplinary Actions**
Mr. Hudman charged you for having committed prohibited behaviors described in the Student Conduct and Discipline Program. His investigation found that a preponderance of evidence supported the charges, and he administered a written warning. Mr. Hudman then charged you with having committed additional prohibited behaviors described in the Student Conduct and Discipline Program. He found a preponderance of evidence supported those charges, and he administered a disciplinary probation. You appealed his decisions in both matters to the Student Conduct Panel, which also found a preponderance of evidence supported the charges and increased the discipline to expulsion. You appealed the Student Conduct Panel's decision to me, and after a careful review of the record, I found that the preponderance of evidence supported the charges and the disciplinary actions. As previously noted, you have never denied the truthfulness of the underlying charges filed by Dean Hudman. Therefore, I do not find evidence that Dean Hudman initiated "wholly baseless disciplinary actions."

In other writings, you have also alleged that Dean Hudman (and Ms. Hunt) discriminated against you on the basis of a disability, retaliated against you for having filed discrimination complaints, and/or denied reasonable accommodations to you. In Dean Ditoro's investigation into your discrimination and retaliation allegations, he found the following on this subject:

All students are asked for the same information that Mr. Hudman and Ms. Hunt requested from Mr. Davis. A finding of this investigation is that the College consistently requires students who request this type of disability accommodation to provide current, written certification from the appropriate Texas licensed health care provider that specifies the exact accommodations needed by the student. None of the 731 pages of medical records submitted by Mr. Davis contained the medical certification consistently required by the college. Therefore, there is no evidence that Mr. Hudman or Ms. Hunt discriminated against Mr. Davis by requesting the additional documentation [emphasis in original]. (p. 6)

Additionally, Dean Ditoro found, "There is no evidence...that Mr. Hudman retaliated against Mr. Davis by requesting meetings with Mr. Davis or by initiating a disciplinary process against Mr. Davis" [emphasis in original] (p. 6). College records demonstrate that when you submitted the required form to Ms. Hunt, the College initiated the provision of reasonable accommodations in a routine manner.

**Encourage Criminal Offences**
There is no evidence in the record that Dean Hudman encouraged college staff to commit criminal offences. In your complaint to me, you never specified which staff you allege were encouraged by Dean Hudman, which offences he allegedly encouraged them to commit, or when any of this alleged behavior took place.

**Denial of Benefit from College Grievance Policy**
The findings of my investigation into alleged denial of access to the College's Student Complaints process are provided in the subsection of this letter entitled "Constitutional Violations."

**Feelings of Endangerment**
There is no evidence in the record to support a reasonable person feeling unsafe on campus due to actions of Dean Hudman or correspondences from Dean Hudman to you. Moreover, Dean Ditoro's investigation of your allegations against Dean Hudman found no basis in fact for your feelings of endangerment.

Based on my investigation and the evidence in the record, I deny all of your requested relief. Given that you have been expelled from Angelina College as of this writing, the College will not entertain further appeals of this decision because you no longer have standing as a student.

### Disability Discrimination: Notice of Accommodations to Instructors

Because Ms. Sellestine Hunt serves as the College's ADA/Section 504 Coordinator, I am properly the College official for your complaint alleging disability discrimination by Ms. Hunt, (see *College Regulation FFD § 3.08*). *College Regulation FFD Section 3.10.2* requires the College official to determine whether the allegations, if proven, would constitute prohibited conduct as defined by *College Regulation FFD*. Following my review of the Student Complaint and Appeal Form you submitted in this matter, I have determined the allegations against Ms. Hunt, if proven, would not constitute prohibited conduct as defined by *College Regulation FFD*; therefore, I have considered your complaint under *College Policy FLD - Student Complaints*.

In your complaint, the only specific relief you requested was for the College to provide your accommodation packet to your instructors. Through the normal College process for this type of request by students with disabilities, the College provided the specific relief you requested at 11:13 a.m. on September 25, 2017, within four business days of the request. In your complaint, you also requested, "any and all other relief I can show myself entitled." I directed you to present support for any other relief in this matter during a conference I scheduled with you on October 3. You did not attend the October 3 conference nor did you provide any additional evidence in support of your claim; therefore, I am not providing further relief in this matter and the College considers this matter closed.

## Conclusion

In conclusion, regarding your appeal of decisions by Dean Hudman and by the Student Conduct Panel relating to charges that you engaged in prohibited behavior, my investigation and review of the record supports the processes and decisions at each step of the procedure, and the discipline of expulsion is confirmed. I deny the requested relief in your complaint that I failed to protect you from Dean Hudman based on my investigation and the evidence in the record. Lastly, the College provided the relief you specified in a reasonable timeframe in the complaint that you initially filed as a discrimination complaint against Ms. Hunt, and you did not attend a meeting with me wherein you would have had the opportunity to present evidence and request additional relief.

Please be advised that should you follow through with your frequent threats to file one or more federal lawsuits against the College, and the College believes in good faith that your pleadings and claims are unsupported by facts and law, are frivolous, are made in bad faith or are for the purpose of harassment, the College will seek affirmative relief from the federal court against you in the way of sanctions under Rule 11 of the Federal Rules of Civil Procedure and other law. As such, please be certain any claim that you bring is well founded in both law and fact, that you have made a reasonable inquiry into the facts and the law, and that you have not presented a pleading or other document to the court for an improper purpose such as to harass or to cause unnecessary delay or expense to the College. The College will ask the court to consider a variety of factors, including but not limited to, your pre-filing conduct and communications.

Sincerely,

Michael J. Simon, Ed.D.
President