IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| DAVID MARK DAVIS II, | § | |
| | § | |
| v. | § | Case No. 9:17-CV-179 |
| | § | |
| ANGELINA COLLEGE BOARD OF | § | |
| TRUSTEES, et al. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The court referred this case to the Honorable Zack Hawthorn, United States Magistrate Judge, for pre-trial proceedings. Pending before the court is *pro se* Plaintiff David Mark Davis, II's (Davis) "Motion for Preliminary Injunction" (Dkt. 17), requesting that the court overturn his expulsion from Angelina College and order Defendant Angelina Board of Trustees to allow him to enroll in Angelina College for the 2018 Summer semester without any restrictions.[1] Judge Hawthorn held a hearing regarding Davis' motion, which is a request for a mandatory preliminary injunction. The parties presented testimony from witnesses and a number of exhibits. Judge Hawthorn entered a report (Dkt. 36) recommending the court deny Davis' motion for a preliminary injunction because Davis failed to carry his burden to show a substantial threat of imminent harm. Davis objected to the report (Dkt. 37), and the Defendants filed a response to the objection. Dkt. 41.

---

1 Although Plaintiff's Motion requests that the court "order[] that defendant be *restrained from expelling* [Davis] and allow[] him to attend Angelina College without restrictions . . . ." (Doc. 17 at 4) (emphasis added), Plaintiff has already been expelled from Angelina College (Doc. 1 at ¶¶ 36, 79, 80, 92, 93). Plaintiff clarified during the January 19, 2018 hearing that he is seeking for his expulsion to "be enjoined . . . . Also, no restrictions upon being enrolled . . . . Just to clarify, I am not seeking to try to register for the semester I understand [] is already over. The first would be the Summer [semester]." While the hearing testimony transcript has not been prepared, this dialogue is reflected in the court's Electronic Court Recording Operator (ECRO) system.

## I. Legal Standards

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(l)(c); FED. R. CIV. P. 72(b)(2)–(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

The function of a preliminary injunction is to preserve the status quo and to prevent irreparable loss of rights prior to judgment. *Trump v. Int'l Refugee Assistance Project*, – U.S. –, 137 S.Ct. 2080, 2087 (2017)("The purpose of such interim equitable relief is not to conclusively determine the rights of the parties, but to balance the equities as the litigation moves forward.")(internal citations omitted). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that plaintiff is entitled to such relief." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A mandatory preliminary injunction—that is, a preliminary injunction that orders a party to "take action" or perform certain acts—is particularly disfavored and should not be issued unless the facts and laws clearly favor the moving party. *See Martinez v. Matthews*, 544 F.2d 1233, 1243 (5th Cir. 1976). *See generally, Meghrig v. KFC Western, Inc.*, 516 U.S. 479, 485 (1996)(explaining that a mandatory injunction orders a party to "take action" and a prohibitory injunction "restrains" a party from further action).

The party moving for a preliminary injunction must demonstrate (1) a substantial likelihood of success on the merits; (2) a substantial threat that plaintiff will suffer irreparable harm if the injunction is not granted; (3) the threatened injury outweighs any damage that the injunction

might cause the defendant; and (4) the injunction will not disserve the public interest. *See Planned Parenthood Ass'n of Hidalgo Cty. Tex., Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012). "The denial of a preliminary injunction will be upheld where the movant has failed sufficiently to establish *any one* of the four criteria." *Black Fire Fighters Ass'n v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (citation omitted) (original emphasis). The movant must "clearly carr[y] the burden of persuasion on all four requirements." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir. 2009) (quotation omitted).

## II. Discussion

Plaintiff was expelled from Angelina College prior to moving for a preliminary injunction (*see* Dkt. 1 at ¶¶ 39, 79, 80, 92, 93) so what Plaintiff is seeking is a mandatory preliminary injunction that orders the Defendant to overturn his expulsion and allow Plaintiff to attend Angelina College in the Summer 2018 semester without any restrictions on his enrollment. Plaintiff is only entitled to such a mandatory injunction if the facts and law are clearly in his favor.

Judge Hawthorn determined that Davis did not establish the "extraordinary remedy" of a preliminary injunction was necessary because Davis did not show the necessary element of irreparable injury. Dkt. 36 at 1 (citing *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997)). Specifically, Davis did not demonstrate that he would suffer irreparable harm if the court denied the injunction. At the hearing, Plaintiff argued he needed to obtain a paralegal degree from Angelina College because he wanted to practice as a paralegal in Texas. But when questioned, Plaintiff conceded that he obtained two Bachelor's degrees, a Masters, and a Juris Doctor degree from other institutions and can practice as a paralegal in Texas without a paralegal degree. Although Plaintiff believes he needs a paralegal degree to "join the paralegal section of

the state bar," he provided no support for this belief[2] and further conceded that he can obtain a paralegal degree from another similarly situated college.

The court has conducted a *de novo* review of the magistrate judge's report and recommendation and has carefully considered Davis' objection. The court finds that the magistrate judge's conclusions are correct but will address an aspect of the objection below.

### A. Davis' Objection are Meritless

In his objection, Davis disagrees with the Magistrate Judge's conclusion that he did not show irreparable harm because Davis believes "the irreparable injury complained of is the depravation [sic] of First Amendment rights." Dkt. 37 at 5. While not entirely clear, Davis appears to argue that his First Amendment rights of speech and to petition the government are irreparably harmed because he cannot contact or directly petition Ms. Myrnia Boyd, an employee in one of Angelina College's administrative offices and the target of Plaintiff's alleged previous harassment. *Id.* Davis appears to further argue that reenrollment without "any restrictions" includes removing the college's restriction that he have no contact with Ms. Myrnia Boyd.

Davis relies on *Elrod v. Burns* for the claim that any interference with his First Amendment freedom of speech and to petition the government is an irreparable injury in itself. *Id.* This is an overbroad and misreading of *Elrod* because at issue in *Elrod* was the First Amendment right of association—not the right of speech.

In *Elrod*, non-civil-service employees of the county sheriff's office were discharged, or threatened with discharge, because they refused to affiliate with the political party of the newly

---

2 The State Bar of Texas Paralegal Division provides several types of membership, and none requires a paralegal degree. For instance, one may become an "Active Member" of the Paralegal Division "if the applicant works in the State of Texas as a paralegal under the direct supervision of a duly licensed attorney performing specifically delegated substantive legal work at least eighty (80) percent of the time and also meets one of the following criteria," which includes four consecutive years of experience alone. *See* STATE BAR OF TEXAS PARALEGAL DIVISION, *PD Membership Types and Criteria*, https://txpd.org/membership_types_and_criteria.asp#Active (last visited April 11, 2018).

elected sheriff. *Elrod v. Burns*, 427 U.S. 347, 351 (1976). The court held that (1) the practice of patronage dismissals is unconstitutional under the First and Fourteenth Amendments and that respondents thus stated a valid claim for relief; and (2) respondents showed irreparable injury because one of the respondents was threatened with job loss at the time the preliminary injunction was sought. *See id.* at 373-74 ("First Amendment interests were either threatened or in fact being impaired *at the time relief was sought*. The *loss* of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.") (emphasis added).

Here, even under a generous reading of *Elrod*, Davis has not made a clear showing in his motion for preliminary injunction, or at the hearing, that he had any protected First Amendment interests that were being impaired at the time relief was sought. Davis' ability to file a grievance was not impaired because he could still file a proper grievance against Ms. Boyd. Defendant only limited the *method* by which he could file such a grievance—he needed to send it to a college administrator instead of to Ms. Boyd. To the extent that Plaintiff is arguing that Defendant violated his First Amendment right to speech by prohibiting him from speaking with Ms. Boyd, such a prohibition was within the power of the Defendant because Plaintiff's speech would have invaded Ms. Boyd's right to a safe and harassment-free work environment. *See Tinker v. Des Moines Indep. Comm. Dist.*, 393 U.S. 503, 513 (1969)("[C]onduct by the student, in class or out of it, which for any reason . . . materially disrupts classwork or involves substantial disorder or invasion of the rights of others is, of course, not immunized by the constitutional guarantee of freedom of speech"). *See Bethel School Dist. No. 403 v. Fraser*, 478 U.S. 675 (1986)("Nothing in the Constitution prohibits the states from insisting that certain modes of expression are inappropriate and subject to sanctions."). Accordingly, Plaintiff has not show that such a

limitation on the method of his communication or his ability to communicate with a specific person was an impairment of his First Amendment rights on par with *Elrod* or any other case.

However, even if Davis is correct that he has established irreparable harm (by his First Amendment argument or otherwise), his request for a preliminary injunction still fails because he has not shown (3) the threatened injury outweighs any damage that the injunction might cause the defendant and (4) the injunction will not disserve the public interest.

### B. Failure to Show the Third and Fourth Elements for a Preliminary Injunction

Based on the pleadings and the evidence tendered at the hearing, an employee of the college (Ms. Boyd) continues to fear for her safety because of an alleged incident with Davis approximately ten years ago. Despite the length of time since the incident, Defendant Hudman testified at the hearing that Ms. Boyd is still in great fear of Davis, and the college has had to make related accommodations to her work schedule to make sure she is never alone in her office building on campus. Granting Davis' injunction request as he described it at the hearing would require the college to allow Davis to reenroll *without any restrictions*, including an elimination of the restrictions on contacting Ms. Boyd directly. Granting Davis' request would allow him to speak directly with Ms. Boyd in her office or even in a campus parking lot. The college wants to maintain restrictions on Davis' ability to contact Ms. Boyd because of their desire to provide Ms. Boyd and all of their employees a safe and harassment-free work environment. Accordingly, granting an injunction could significantly damage Defendants: Ms. Boyd's fear may increase; the college may have to further accommodate Ms. Boyd with different work hours or a different job altogether to minimize the opportunities for Davis to contact her; and campus security may have to be constantly aware of the delicate situation and nuances of any court-ordered injunction creating it. In balancing the relatively light burden on Davis of not contacting Ms. Boyd directly,

Davis has failed to show the threatened injury to him, if any, outweighs the damage the injunction might cause the college. Accordingly, he has failed to show this necessary element to merit a preliminary injunction.

Davis has also failed to establish the fourth element. The public interest is served by the college providing a safe and harassment-free zone for employees and students. Allowing Davis to reenroll—despite his history with Ms. Boyd and his recent less-than-professional communication with college administrators—could threaten the safe and harassment-free nature of the college for others. Thus, Davis has failed to show another necessary element to merit a preliminary injunction because it is his burden to show that an injunction would not disserve the public interest.

Because Davis has failed to show the elements of (2) irreparable harm, (3) the threatened injury outweighs the damage the injunction might cause the college, and (4) the injunction will not disserve the public interest, his request for a preliminary injunction is denied. Because Davis has not established those three elements, the court does not need to address whether Davis has (1) a substantial likelihood of success on the merits, though Davis would likely fail on that element as well.

IT IS THEREFORE **ORDERED** that Davis' objections (Dkt. 37) are **OVERRULED**, and the magistrate judge's report and recommendation (Dkt. 36) is **ADOPTED**. Accordingly, it is further **ORDERED** that Davis' "Motion for Preliminary Injunction" (Dkt. 17) is **DENIED**.

**So Ordered and Signed**
**Apr 11, 2018**

_____
Ron Clark, United States District Judge